Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7878 | DATE | 4/28/2003 |
| CASE TITLE | Russell Harden v. Officer Gregory Flowers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for_____ at_____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum and opinion order, Defendant's motion for summary judgment [35-1] is GRANTED. Defendant's motion to strike in pertinent part Plaintiff's Response to Defendant's Statement of Material Facts [43-1] is DENIED as moot. This case is closed.

(11) ■ [For further detail see attached memorandum and opinion order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 29 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 45 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mds(lc) | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

APR 29 2003

RUSSELL HARDEN, )
)
Plaintiff, )
)
) No. 01 C 7878
v. )
) HONORABLE DAVID H. COAR
OFFICER GREGORY FLOWERS, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Russell Harden ("Plaintiff" or "Harden") filed a one-count complaint against Fox Valley Park District Police Officer Gregory Flowers ("Defendant" or "Flowers") under 42 U.S.C. § 1983 ("Section 1983") for unreasonable search during the arrest of Plaintiff on November 15, 1999. Before this Court is Defendant's motion for summary judgment and his motion to strike in pertinent part Plaintiff's Response to Defendant's Statement of Material Facts. For the following reasons, the Court GRANTS Defendant's motion for summary judgment and DENIES as moot his motion to strike.

### Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Kamler v. H/N Telecom. Servs., Inc., 305 F.3d 672, 677 (7th Cir. 2002). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable

45

inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fritcher v. Health Care Servs. Corp., 301 F.3d 811, 815 (7th Cir. 2002).

The movant bears the burden of establishing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Rule 56(e); Celotex, 477 U.S. at 324. A scintilla of evidence in support of the non-movant's position is insufficient, and the non-movant "must do more than simply show that there is some metaphysical doubt as to the material fact." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 250. Weighing evidence, determining credibility, and drawing reasonable inferences are jury functions, not those of a judge deciding a motion for summary judgment. Anderson, 477 U.S. at 255.

## Background

The following facts are taken from the parties' Local Rule 56.1 materials.[1] This action arises out of events following the arrest of Harden in Gregory Island Park (the "Park") on November 15, 1999 for possession of alcohol in the park and possession of a stolen vehicle.

---

[1] This Court disregarded responses or portions of responses that either 1) were unsupported by the portion of the record cited or 2) improperly contained argument instead of concise admissions or denials, as required by Local Rule 56.1, which this Court strictly enforces. Further, statements and responses that are not supported by the record are disregarded. See Johnson v. Indopco, Inc., 887 F.Supp. 1092, 1095 (N.D. Ill. 1995). Thus, Defendant's motion to strike unresponsive paragraphs of Plaintiff's Response is DENIED as moot.

At all relevant times, Flowers was a Sergeant with the Kane County Sheriff's Office and a Patrol Officer with the Fox Valley Police Department. Harden is, and has been, a resident of Aurora, Illinois.

On November 15, 1999, Flowers began his duties for the Fox Valley Police Department at 3:00 p.m. At approximately 5:45 p.m, Flowers entered the Park, which is located under the Indian Trail Bridge between Lake Street and Route 25 in Aurora, Illinois. At that time, he observed a vehicle parked at the south end of the Park. Because the vehicle was parked in an unpaved area, and because Park District ordinances require motorists to operate or park all vehicles on paved areas, Flowers became suspicious. Flowers drove by the vehicle and he observed a woman, Robin Poore ("Poore"), in the driver's seat and a man, Harden, in the passenger seat. Flowers stopped and entered the vehicle's license plate on the computer located in his squad car. The computer indicated that the vehicle was stolen. Flowers called the Kane County Police Department's dispatch and gave the dispatcher the license plate number. The dispatcher confirmed that the vehicle was stolen. Possession of a stolen vehicle is a felony under the Illinois Vehicle Code.

After spotting Flowers, Poore and Harden began driving toward the Park's exit. Flowers activated the flashing lights on his squad car and stopped the suspect vehicle. Flowers ordered Poore and Harden to exit the vehicle. Flowers then handcuffed and arrested them and read them their <u>Miranda</u> rights. Flowers performed a quick pat-down search on Harden and then placed Poore in the back seat of his squad car. By this time, other officers arrived on the scene. One of these police officers, Officer Drozowski, watched Harden while Flowers secured Poore in the squad car. Harden was then placed in a police van.

While secured in Flowers' squad car and after having been given her Miranda rights, Poore told Flowers that Harden had drugs in his pants. Flowers then left Poore in his squad car and returned to where the other officers had removed Harden from the police van. Flowers then searched Harden from his waistband to his knees; Harden remained handcuffed. The only individuals present in the Park while Flowers searched Harden were Flowers, the other male police officers, and Poore, who was sitting in the back seat of Flowers' squad car. Harden wore two pairs of underwear--a pair of grey boxer shorts on top of a pair of grey briefs, and his underwear was visible above the waistline of his pants. During Flowers' search of Harden from the waistband to knees, Flowers felt a hard, foreign object which turned out to be crack cocaine. The crack cocaine was enclosed in one "baggie" which in turn contained two other "baggies." According to Flowers, the drugs were located on the right side of Harden's hip at the waistline and were entangled in Harden's underwear. However, according to Harden, the drugs were located approximately three inches below the waistband in the center of his briefs near his penis. The drugs were not visible from the outside of Harden's pants; Harden hid the drugs inside his pants so that they could not be found or detected easily.

Upon feeling the drugs, Flowers unsuccessfully attempted to remove the drugs with his fingers. Flowers then successfully retrieved the drugs with a pocket knife. Until this search, Flowers had never used a knife in the commission of a search of a person. Flowers unbuckled Harden's belt and unsnapped his pants. According to Harden, Flowers pulled down Harden's pants to his ankles, but he did not pull down Harden's briefs during the search. Also according to Harden, one of the other persons observing the search yelled at Flowers to "search his nuts." Flowers then felt Harden's genitals over his briefs and used the knife to cut

-4-

Harden's briefs to remove the drugs, which caused Harden's genitals to be exposed. Flowers then threw a piece of Harden's briefs to the ground.[2]

While Harden was being searched, it was dark outside although the headlights from the police squad cars were illuminating the area. Poore, who remained seated in the back seat of Flowers' squad car, did not witness the search. Poore also did not hear any conversations between Flowers and Harden.

After the search and retrieval of the drugs, Flowers secured Harden in the police van. Harden ultimately was charged with unlawful possession of a stolen vehicle, unlawful possession of a controlled substance, and illegal transportation of alcohol. The vehicle in which Harden and Poole were traveling contained one open and one sealed bottle of Mogen David 20/20 wine. Harden and Poore had bought the wine prior to driving to the Park. Flowers believed that he saw Harden drinking the wine when he first approached Harden's and Poore's vehicle from his squad car. Harden admitted that he had smoked crack cocaine and had "a sip of some wine" before his arrest. He also admitted that he and Poore attempted to leave the Park after Flowers' arrival because they had open liquor in the car.

After his arrest, Harden was transported to Kane County jail in the Aurora Police Department paddy wagon. Fox Valley Police Department, for which Flowers worked, does not have its own jail. The Kane County Jail functions as Fox Valley's holding facility. Upon admission to the Kane County Jail, arrestees are booked and strip-searched.

---

[2] Flowers denies most of the allegations in this paragraph. Namely, he denies pulling Harden's pants down to his ankles, hearing an officer yell "search his nuts," feeling Harden's genitals, cutting Harden's briefs, and throwing a piece of his briefs to the ground. For purposes of this motion, the Court will credit Harden's version of these transactions.

## Discussion

Harden contends that his search was unreasonable in violation of the Fourth Amendment. Defendant moves for summary judgment arguing that Flowers' search of Harden did not violate the Fourth Amendment because Flowers had probable cause to believe Harden was committing or had committed a crime, and because he conducted a search incident to a lawful arrest. Flowers argues in the alternative that, even if Harden demonstrates a Fourth Amendment violation, Flowers is entitled to qualified immunity. Because this Court finds that Harden cannot demonstrate his Fourth Amendment rights were violated, summary judgment is GRANTED.

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const., Amend. IV. For a search to be constitutional under the Fourth Amendment, it must be reasonable. Veronica Sch. Dist. v. Acton, 515 U.S. 646, 653 (1995); U.S. v. Husband, 226 F.3d 626, 629-30 (7th Cir. 2000). Generally, a search is not reasonable unless the government has a warrant supported by probable cause, or an exception to the warrant requirement exists. U.S. v. Yang, 286 F.3d 940, 944 (7th Cir. 2002). A search incident to a lawful arrest is a well-established exception. U.S. v. Robinson, 414 U.S. 218, 224 (1973); U.S. v. Veras, 51 F.3d 1365, 1371 (7th Cir. 1995). "The search incident to arrest exception arose because of the need 'to remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape' and the need to prevent concealment or destruction of evidence." Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1269 (7th Cir. 1983) (citing Chimel v. California, 395 U.S. 752, 763 (1969)). Further, "a custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion

being lawful, a search incident to an arrest requires no additional justification." U.S. v. Robinson, 414 U.S. at 235.

In this case, the record is clear that Flowers had probable cause to arrest Harden. Namely, Flowers noticed that the vehicle Harden was in was parked in an authorized area of the Park. After entering the vehicle's license plate number into his squad-car computer, he discovered the vehicle was stolen. Flowers then read the license plate number to the Kane County Police Department's dispatcher, who also confirmed that the vehicle was stolen. As possession of a stolen vehicle is a felony under the Illinois Vehicle Code, Flowers had probable cause to arrest Harden.[3] Further, Flowers observed Harden drinking wine when he first approached the vehicle. Harden's argument that "alcohol in the park" typically is penalized by a fine is of no moment; in Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001), the Supreme Court held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."

Even though Flowers had probable cause to arrest Harden, and therefore was justified in conducting a lawful "full search" incident to that arrest, Robinson, 414 U.S. at 222, the Court's inquiry does not end there. Rather, the Court must determine whether Flowers'

---

[3] Harden argues that Defendant did not have probable cause to arrest Harden for possession of a stolen vehicle because to prove possession of a stolen vehicle, the accused must have control of the stolen vehicle, and Harden was not the driver. Contrary to Harden's belief, probable cause does not require evidence sufficient to support a conviction. U.S. v. Burrell, 963 F.2d 976, 986 (7th Cir. 1992). Rather, probable cause exists if, at the moment the arrest was made, the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information were sufficent to warrant a prudent person in believing that an offense was being or had been committed. Id.

search of Harden was indeed lawful. A search incident to an arrest is lawful so long as it did not exceed the scope permitted for such searches. U.S. v. Edwards, 885 F.2d 377, 383 (7th Cir. 1989). Only a limited search may be conducted incident to an arrest, Chimel, 395 U.S. at 763, and the search will be upheld as lawful where it was "contemporaneous with the arrest, was conducted to prevent seizure of a weapon or destruction of evidence, and was limited to the arrestee's immediate control." Id. (citing U.S. v. Queen, 847 F.2d 346, 352 (7th Cir. 1988). Further, under Robinson, "a full search is the maximum intensity of the search allowable to achieve that end [of discovering weapons or contraband] unless specific reasons exist that justify intensifying the search." Mary Beth G., 723 F.2d at 1270.

Here, the undisputed facts in the record show that Flowers' search of Harden was contemporaneous with the arrest, was conducted to prevent destruction of evidence (the drugs), and was limited to the arrestee's immediate control (his person). Harden, however, argues that the search on him was unreasonable because it was "tantamount to a strip search" in that Flowers pulled Harden's pants down, cut off a piece of his briefs with a knife, thereby exposing his genitals during the search. Even if Harden's version is correct, this would not amount to a strip search. Nevertheless, Harden claims that Flowers exposed his genitals, and merely for the sake of argument here, the Court will assume without deciding that this was tantamount to a strip search. Strip searches are not *per se* unconstitutional. Rather, the test is whether the strip search is reasonable under the circumstances. Bell v. Wolfish, 441 U.S. 520, 558-59 (1979). Indeed, "to determine whether a search is reasonable 'requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope fo the particular intrusion, the manner in which

-8-

it is conducted, the justification for initiating it, and the place in which it is conducted.'" Kraushaar v. Flanigan, 45 F.3d 1040, 1045 (7th Cir. 1995) (quoting Bell v. Wolfish, 441 U.S. 520, 559 (1979)).

Courts in this jurisdiction examining the strip search issue have found that the "justification" element of Bell may range from "reasonable suspicion or belief" to "probable cause to believe" that the suspects were in possession of a weapon or contraband. See Doe v. Village of Downers Grove, No. 91 C 2722, 1992 WL 8720 (N.D. Ill. Jan. 15, 1992) (collecting cases). For example, in Salinas v. Breier, 695 F.2d 1073, 1083-85 (7th Cir. 1982), the Seventh Circuit held that a limited strip search and visual inspection conducted incident to an arrest was permissible when there was probable cause to believe that an arrestee was hiding a controlled substance on his person. In Salinas, a woman was required to "bend forward deeply at the waist so as to expose her rectum and vagina to visual inspection" to locate drugs. Id. at 1085. The Seventh Circuit opined that, "although even these limited measures are degrading and humiliating, . . . they do not approach in severity those intrusions present, for example, in Rochin v. California, 342 U.S. 165 (1952) [(holding that using a stomach pump on an accused to induce him to vomit so as to recover drugs was so brutal and offensive that it violated his constitutional rights)." Id.

Slicing a hole in Harden's briefs to retrive drugs is far short of the conduct held to be reasonable in Salinas. Applying the Bell balancing test, this Court finds that Flowers' search was reasonable under the circumstances. First, the scope of the intrusion on Harden was minimal; Flowers pulled Harden's pants down (but not his briefs) only after Flowers could not manually retrieve the drugs Harden concealed in his pants. Second, the manner in which

Flowers retrieved the drugs, i.e., cutting a piece of Harden's briefs, was reasonable under these circumstances because, as Harden himself admitted, he hid the drugs inside his pants so that they could not be found or detected easily. Thus, there virtually was no way Flowers could avoid either touching or exposing Harden's genitals in retrieving the drugs. Third, Flowers had sufficient justification for the search because when Poore told Flowers that Harden had drugs in his pants, Flowers had reason to believe that Harden was hiding a controlled substance on his person. Fourth, although Harden was arrested and searched in a public park, Flowers conducted the search in a dark area and only in the presence of the other male police officers. Poore, who was seated in a the back seat of a squad car and who arguably could have witnessed the search, did not see or hear anything. Thus, the Court concludes that Flowers' search of Harden was a lawful search incident to his arrest and therefore not unreasonable under the Fourth Amendment. Summary judgment is therefore GRANTED in favor of Flowers.[4]

---

[4] As this Court finds that Harden cannot establish a constitutional violation, it need not address the qualified immunity issue.

## Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and its motion to strike in pertinent part Plaintiff's Response to Defendant's Statement of Material Facts is DENIED as moot. This case is closed.

Enter:

_____
David H. Coar
**United States District Judge**

Dated: **April 28, 2003**